ESTATE OF MILLER: STATE, Appellant, vs. TREICHLER, Executor, Respondent.

*November 15—December 15, 1948.*

For the appellant there were briefs by the *Attorney General, Harold H. Persons,* assistant attorney general, and *Neil Conway,* inheritance tax counsel, and oral argument by *Mr. Persons* and *Mr. Conway.*

*A. W. Schutz* of Milwaukee, for the respondent.

Briefs *amici curiae* were filed by *Lees & Bunge* of La Crosse, and *Miller, Mack & Fairchild* of Milwaukee.

HUGHES, J.   The case requires a determination of the proper application of sec. 72.74, Wis. Stats., which imposes an additional emergency tax.   The principal conflict between the state and the taxpayer arises from the question of whether in computing the amount due under sec. 72.50 the amount imposed by sec. 72.74 must be deducted from the federal credit allowed to the taxpayer for taxes paid the state.

The second contention of the taxpayer is that if the total Wisconsin tax should be so computed as to exceed the maximum federal credit allowed to said taxpayer, then it is unconstitutional.

Fred A. Miller died December 19, 1943, a resident of Mil-

waukee county. He left a gross estate of $6,869,778.61. Of his total property there was real and tangible personal property of the value of $979,936.23 located in the states of Illinois and. Florida. The rest of his property was in Wisconsin. Because of the value of the estate there was a federal death tax imposed in the amount of $788,387.02.

The federal government allows credit to the taxpayer for taxes paid to all states, not, however, to exceed eighty per cent of the total imposed. The eighty per cent of federal estate-tax credit available in this case was, therefore, $630,709.62.

The first question which must be determined is whether this was intended as a ceiling beyond which states are not to be permitted to tax.

The purpose of the federal enactment appears to have been to protect states which theretofore had imposed estate taxes against the removal of wealthy citizens to states having no tax or a smaller tax.

Sec. 813 (b) of the Internal Revenue Code, 26 USCA, sec. 813 (b), provides:

"The tax imposed by section 810 or 860 shall be credited with the amount of any estate, inheritance, legacy, or succession taxes actually paid to any state or territory or the District of Columbia, or any possession of the United States, in respect of any property included in the gross estate. . . . The credit allowed by this subsection shall not exceed eighty per centum of the tax imposed by section 810 or 860. . . ."

If the entire estate lay within Wisconsin, the legislature could certainly tax beyond the death-tax limits fixed by congress as a minimum. It may be that an increase of thirty per cent will induce wealth to move from Wisconsin and thus in some instances defeat its own purpose as well as lose for the state the right to recapture the federal credit. This is, however, a matter for legislative concern, not judicial.

Secs. 72.01 to 72.24, Wis. Stats., impose the "normal" inheritance taxes. There is no question raised as to the validity of these provisions nor that, properly computed upon that portion of the Miller estate taxable in Wisconsin,

| | |
|---|---|
| the amount due the state therefor is | $220,682.12 |
| There was paid to Illinois for taxes | 35,616.26 |
| and to Florida | 21,709.45 |

Sec. 72.50, Wis. Stats., provides:

"In addition to the taxes imposed by sections 72.01 to 72.24, an estate tax is hereby imposed upon the transfer of all estates which are subject to an estate tax under the provisions of the United States revenue act of 1926, and amendments thereto, where the decedent at the time of his decease was a resident of this state. The amount of said estate tax shall be equal to the extent, if any, of the excess of the credit of not exceeding eighty per cent, allowable under said United States revenue act, over the aggregate amount of all estates, inheritance, transfer, legacy and succession taxes paid to any state or territory or the District of Columbia, in respect to any property in the estate of said decedent. Provided, that such estate tax hereby imposed shall in no case exceed the extent to which its payment will effect a saving or diminution in the amount of the United States estate tax payable by or out of the estate of the decedent had sections 72.50 to 72.61 not been enacted. . . ."

It is contended that since sec. 72.50, Wis. Stats., provides that the estate tax shall be such sum as the federal credit allowable shall exceed the aggregate of all estate, inheritance, transfer, legacy, and succession taxes, and that since sec. 72.74 (2) imposes an emergency tax which is a form of inheritance tax, it, too, must be deducted in computing the amount due under sec. 72.50. Such deduction would render sec. 72.74 a nullity. It is apparent that the exemptions included in sec. 72.50 were of the then existing estate and inheritance taxes, and were not intended as a bar to future legislation increasing the amount of state inheritance taxes. A reading of the statutes in the order of their enactment indicates an intention to impose by sec.

72.74 an additional tax after deduction of all taxes previously allowed by sec. 72.50.

The state's method of computation is:

TABLE A

| | | | |
|---|---|---|---|
| (1) | Wisconsin normal inherit. taxes | | $220,682.12 |
| (2) | Wisconsin estate tax: | | |
| | 80% of U. S. estate tax | | $630,709.62 |
| | Less: (a) Wis. normal taxes (1) $220,682.12 | | |
| | (b) Ill. inherit. taxes 35,616.26 | | |
| | (c) Fla. inherit. taxes 21,709.45 | | |
| | Total state taxes | | 278,007.83 |
| | Difference | | 352,701.79 |
| (3) | Wisconsin emergency tax: | | |
| | Wis. normal taxes (1) 220,682.12 | | |
| | Wis. estate tax (2) 352,701.79 | | |
| | Total | | 573,383.91 |
| | 30% additional tax | | 172,015.20 |
| | Total Wisconsin inheritance taxes | | $745,399.11 |

The respondent's method of computation is:

TABLE B

| | |
|---|---|
| 80% federal credit | $630,709.62 |
| *Deduct:* | |
| Wisconsin normal inherit. tax | $220,682.12 |
| 30% Wisconsin inherit. surtax | 66,204.66 |
| Illinois inherit. tax | 35,616.26 |
| Florida estate tax | 21,709.45 |
| Total deductions | 344,212.49 |
| Difference between federal credit and aggregate Wisconsin inheritance taxes and death duties paid Illinois and Florida | 286,497.13 |
| Wisconsin estate tax (above difference ÷ 1.3) | 220,382.41 |
| Wisconsin estate surtax (balance of above difference, *i.e.* .3 of Wisconsin estate tax) | 66,114.72 |
| Total Wisconsin estate taxes | 286,497.13 |

The material provisions of the emergency tax law are:

Sec. 72.74 (2) "In addition to the taxes imposed by sections 72.01 to 72.24 and 72.50 to 72.61, an emergency tax for relief purposes, rehabilitation of returning veterans of World War II, construction and improvements at state institutions and other state property and for post-war public works projects to relieve post-war unemployment is hereby imposed upon all transfers of property which are taxable under the provisions of said sections and which are made subsequent to March 27, 1935 and prior to July 1, 1949 which said tax shall be equal to thirty per cent of the tax imposed by said sections."

It will be noted that if sec. 72.74, Wis. Stats., had never been enacted, the normal tax of $220,682.12, plus the Illinois inheritance tax of $35,616.26 and the Florida inheritance tax of $21,709.45, would aggregate $278,007.83, which, when deducted from the federal credit of $630,709.62 as provided by sec. 72.74, would yield an estate tax of $352,701.79, or a total, with the normal tax ($220,682.12) of $573,383.91. If we follow the taxpayer's computation on Table B, we arrive at the same total:

| | |
|---|---|
| Normal tax | $220,682.12 |
| Thirty per cent on normal | 66,204.66 |
| Wis. estate tax | 220,382.41 |
| Thirty per cent on estate tax | 66,114.72 |
| Total | $573,383.91 |

The trial court allowed the taxpayer to deduct the normal tax plus the thirty per cent emergency tax figured on the normal. This yielded an estate tax of $286,497.13, and the court allowed the thirty per cent thereon in addition. This followed neither the method contended for by the state nor that of the taxpayer, and produced a compromise order which is entirely indefensible.

Respondent contends that it is the court's duty to so construe the statute as to make it constitutional. We are of the opinion that it is the first duty of the court to give effect to the law as passed if the purpose is lawful.

The purpose of tax laws is primarily to produce revenue for the state. Certainly that was the purpose of the legislature when it enacted the emergency tax. If one interpretation gives the law effect and the other renders it a nullity, the one giving it effect is more reasonable and must be adopted, unless to do so violates the taxpayer's constitutional guaranties.

Respondent contends that the construction sought by the state renders the law unconstitutional because, as computed by the department of taxation, the Wisconsin taxes are imposed on property in Florida and Illinois as well as on property within this state. If that be true, then it is unconstitutional. *Frick v. Pennsylvania* (1925), 268 U. S. 473, 494, 495, 45 Sup. Ct. 603, 69 L. Ed. 1058.

We are of the opinion that there is no such question presented on the facts in this case. While it is true that the estate tax is imposed in a "catch-all" manner by absorbing eighty per cent of the federal death tax, it is apparent that more than eighty per cent of the gross estate of Mr. Miller was within Wisconsin and therefore subject to taxation by this state.

It is argued by counsel for respondent and *amici curiae* that situations might arise where such portion of the estate lay outside Wisconsin that to levy a tax under sec. 72.74, Wis. Stats., at all would be to tax property beyond the state. It would seem patent that in imposing the emergency tax, as in imposing the normal tax, care must be used to avoid taxing property beyond the jurisdiction of this state. However, we need make no further effort in pursuit of such speculation. We are met with no such situation here, since eighty-six per cent of the property belonging to the Miller estate was located in Wisconsin and the emergency tax imposed under the state's computation is upon something less than eighty per cent of the total federal taxes. As applied to the facts of this case, therefore, the computation does not constitute an attempt

to levy a tax upon nor to measure a tax by property having a situs outside of Wisconsin, and must be held to be valid.

*By the Court.*—Order reversed and cause remanded with instructions to enter an order determining the tax in accordance with the state's computation.

MARTIN and BROADFOOT, JJ., took no part.