Estate of Miller: State, Appellant, vs. Treichler, Executor, Respondent.

*June 30, 1950.*

The following opinion was filed June 30, 1950:

This is a motion for judgment on remand of the record from the United States supreme court. On November 7, 1949, that court decided that "Wisconsin's emergency inheritance tax is invalid in so far as it is measured by tangible property outside Wisconsin." *Treichler v. Wisconsin* (1949), 338 U. S. 251, 257, 70 Sup. Ct. 1, 94 L. Ed. 37.

In that case the United States supreme court reversed a decision of this court (*Estate of Miller* (1948), 254 Wis. 24, 35 N. W. (2d) 404).

When this case was before us originally, we concluded that since the federal government retained twenty per cent of the estate tax imposed by it and made only eighty per cent of such tax available to the state of Wisconsin, an additional

tax based thereon was legal. We arrived at this conclusion not because of any misconception of the law stated in *Frick v. Pennsylvania* (1925), 268 U. S. 473, 45 Sup. Ct. 603, 69 L. Ed. 1058, that any tax attempted to be levied by a state on property outside its borders is illegal, but because of the fact that eighty-seven per cent of the property of the Miller estate was within Wisconsin.

The United States supreme court, however, ruled that the Wisconsin law and the Pennsylvania law were one.

"It is quite unnecessary to know in either case what property is located within the taxing jurisdiction in order to compute the challenged exaction."

The court went on to say:

"But when a state reaches beyond its borders and fastens upon tangible property, it confers nothing in return for its exaction. Since the state of location has all but complete dominion over the physical objects sought to be measured for tax, see *Green v. Van Buskirk,* (U. S.) 7 Wall. 139, 150 (1869); *Curry v. McCanless,* 307 U. S. 357, 363 (1939), and cases cited, no other state can offer a *quid pro quo.*"

The court then ordered the case remanded for proceedings not inconsistent with its opinion.

Counsel for the taxpayer contends that the entire thirty per cent tax is invalid if sought to be applied to this estate or, put another way, that the $630,000 recaptured from the federal government constitutes a ceiling beyond which the state cannot go.

We are of the opinion that the tax law must be construed, if possible, so as to be constitutional. As stated above, we sought in the former opinion to apply the law only to property in Wisconsin and thought that we had succeeded. It has now been pointed out that the basis there used was so broad as to include property having a situs in other states. Neither

(1) Wisconsin normal
  inheritance taxes ... $220,682.12

(2) Wisconsin estate tax:
  80% of U. S. estate tax ... $630,709.62
  Less: (a) Wis. normal
              taxes ... $220,682.12
        (b) Ill. inherit.
              taxes ... 35,616.26
        (c) Fla. inherit.
              taxes ... 21,709.45

        Total state
              taxes ... 278,007.83

        Difference ... 352,701.79

(3) Wisconsin emergency tax:
  (a) Wis. normal inherit.
        taxes ... 220,682.12
      30% additional tax
        thereon ... 66,204.64

  (b) Wis. estate tax: ... 352,701.79
      80% of U. S. estate
        tax ... 630,709.62
      87½%—ratio of Wis.
        property to total
        estate ... 551,870.92

      U. S. estate tax credit
        attributable to prop-
        erty outside Wis. ... 78,838.70
      Illinois in-
        herit. tax 35,616.26
      Fla. inherit.
        tax      21,709.45

  Out-of-state taxes deducted 57,325.71

  Wisconsin estate tax
    measured by property
    out of Wisconsin ... 21,512.99

  Wisconsin estate tax
    attributable to
    Wisconsin property ... 331,188.80
  30% additional tax thereon ... 99,356.64

Total Wisconsin inheritance taxes ... 738,945.19

misapplication of a law, nor the fact that it can be misapplied, renders it unconstitutional.

The legislature must have intended that the tax be computed only upon property having a situs within the state of Wisconsin.

The tax authorities have now recomputed the tax upon a base of eighty-seven per cent of the amount recaptured from the federal government, which clearly does not permit of a claim that Wisconsin is attempting to tax property which lies outside this state. We are therefore of the opinion that the state is entitled to the entry of judgment against the estate for the amount shown by the new computation of the department of taxation,[1] printed as a footnote, ante, p. 441, and that when so entered it will not be inconsistent with the mandate of the United States supreme court referred to above.

*By the Court.*—Order reversed and cause remanded with instructions to enter an order determining the tax in accordance with the state's amended computation.